THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ROBERT NORTHRUP, Respondent.

Fourth Department, April 4, 1963.

*Joseph A. Ryan, District Attorney (Helen B. Norem* of counsel), for appellant.

*Henry E. Taylor* and *Paul R. Shanahan* for respondent.

*Per Curiam.* The People appeal from an order of the County Court, Onondaga County, dismissing an indictment charging the defendant with the crime of perjury in the first degree, upon the sustaining of the defendant's demurrer to the indictment. The County Court found the indictment to be insufficient in that it failed "to set forth wherein the defendant's testimony was false, commonly called assigning the perjury".

It appeared from the indictment that the Grand Jury was investigating the condition and management of the public prisons of the County of Onondaga and that one of the questions material to the investigation was whether the defendant, a Deputy Sheriff, on August 27, 1961, had taken one Robert Dougherty, an attorney, to the cell area where one Charles Trudeau was being held as a prisoner with the intent to reveal the presence of one James Longo, an undercover police investigator, assigned to an adjoining cell under a fictitious name. The indictment charged that the defendant, upon being questioned concerning this matter, willfully and falsely testified "that he did not know that James Longo had been assigned the cell adjoining Charles Trudeau; whereas, in truth and in fact, as the said [defendant] then and there well knew, his said testimony was then and

there false ''. The indictment then alleges that the defendant had known James Longo as a police officer for a period of six years and that approximately one-half hour previous to his escorting the attorney Robert Dougherty to the cell area the defendant '' had fed the said James Longo and Charles Trudeau their evening meal ''.

While the indictment is inartistically drawn and needlessly alleges evidentiary matter, it states facts which, in our opinion, are sufficient to constitute the crime of perjury. The point in controversy was whether the defendant knew that the person who had been placed in the cell adjoining Trudeau was an under-cover police investigator. The indictment charges that the defendant knew Longo and knew that he was a police officer and had not only seen him in the adjoining cell but had served his supper to him. It is true that the indictment does not state in so many words that at the time the defendant testified that he did not know that Longo had been assigned the adjoining cell, the defendant actually did have that knowledge, but this is a necessary inference from the facts alleged. The question was one as to the state of the defendant's knowledge. An indictment which charges that the defendant willfully and falsely testified that he did not have the specified knowledge inferentially charges that in truth and in fact he did have the knowledge. No further specification of the respect in which the testimony was false was necessary.

Furthermore, under modern practice, '' an indictment for perjury is sufficient if it alleges the falsity of the accused's oath without alleging what the truth was '' (*United States* v. *Hiss,* 185 F. 2d 822, 831, cert. denied 340 U. S. 948). '' [T]he great weight of authority is to the effect that an allegation of the testimony given, accompanied by an allegation that it was false, is sufficient, where, as here, proof of the falsity of the testimony alleged to have been given of necessity proves its converse to be true, and so the allegation of falsity is in effect an allegation which shows with certainty what the government claims the truth to have been '' (*United States* v. *Otto,* 54 F. 2d 277, 278).

The order appealed from should therefore be reversed, the demurrer disallowed, and the indictment reinstated.

WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed, demurrer disallowed, and indictment reinstated.